**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **ARNOLD L. WHITAKER** | : |
| **Plaintiff** | : |
| | : |
| **VS.** | :     **CIVIL NO. 3:03 CV 1025 (EBB)** |
| | : |
| **WAYNE BULLOCK, MICHAEL PUNZO &** | : |
| **SCOTT DURKIN** | : |
| **Defendants** | :     **AUGUST 3, 2004** |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1. The plaintiff's federal claims are brought under a section of the federal law, 42 U.S.C. §1983, known as the Civil Rights Act. This statute, which I will refer to as "Section 1983" allows lawsuits to be brought for money damages when a person, acting under the color of state law, deprives another person or corporation, of constitutional or federal rights. Specifically, Section 1983 provides that:

> Every person who, under color of any statute…of any State…subjects or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

To establish his claims under Section 1983, the plaintiff must prove the following three elements by a preponderance of the evidence:

(1)     that the defendants acted under color of state law;

(2)     that the conduct of the defendants deprived him of a right secured by the Constitution of the United States; and

(3)     that the actions of the defendants were the proximate cause of the plaintiff's injuries and damages.

The first element that the plaintiff must prove is that the defendants were acting under color of Connecticut state law.  Both sides agree that, on the day of the incident, the defendants were acting in their capacity as clerks in the New Haven  Department of Police Service, and therefore, they were acting under color of state law.  Since this element is not in dispute, you do not need to consider it.

So, the plaintiff must prove that the defendants deprived him of a constitutional right, and that the conduct of the defendants proximately caused his injuries and damages.  In a moment, I will explain each of these elements in greater detail, but I first want to explain that it is not necessary to find that the defendants had any specific intent to deprive the plaintiff of his constitutional rights in order for you to find for the plaintiff.  The plaintiff is entitled to relief if the defendants intended to perform the actions which resulted in a violation of his rights.  They are also entitled to relief if the defendants acted with a reckless disregard of his rights.  Reckless disregard of the plaintiff's rights means not caring whether or not those rights were being violated.  However, if the defendants

acted negligently, mistakenly, or inadvertently, then they cannot be said to have violated his rights.  Thus, if you determine that the defendants acted negligently, mistakenly, or inadvertently, even if you find that the plaintiff was injured as a result of those actions, you must find for the defendants.

**<u>Authority:</u>**

> <u>Section 1983 Litigation:  Jury Instructions</u>, Vol. 4, Instruction 3.01.1, p. 3-3; Schwartz and Pratt.

> <u>Connecticut Jury Instructions (Civil)</u>, Fourth Edition, Section 690 c., pp.1065-1066; Wright and Ankerman.

> <u>Chapman v. Houston Welfare Rights Org</u>., 441 U.S. 600, 617 (1979).

> <u>Section 1983 Litigation: Jury Instructions</u>, Vol. 4, Instruction 3.01.1, pp. 3-4 and  3-5; Schwartz and Pratt.

> <u>Connecticut Jury Instructions (Civil)</u>, Fourth Edition, Section 690 f., h. and i.; Wright and Ankerman.

> <u>Connecticut Jury Instructions (Civil)</u>, Fourth Edition, Section 690 j. and k., pp. 1067 and 1068; Wright and Ankerman.

> <u>Brower v. County of Inyo</u>, 489 U.S. 593, 596 (1989).

> This is essentially the same instruction given by the Hon. William I. Garfinkel, Magistrate Judge, in <u>Schapperoew v. Consiglio</u>, Civil Action No. 3:98cv678 (WIG).

2.      Now I have just explained to you the specific allegations the plaintiff is making with respect to their federal claim under Section 1983.  In order to prevail on these federal claims, the plaintiff must also prove that the conduct of the defendants was the proximate cause of the injuries he claims he suffered.  The term "proximate cause" means the cause or act which, as a natural consequence, produces the injury or damage, and without which, the injury or damage would not have occurred.  In other words, the conduct of the defendants must have been a substantial factor in producing the injuries to the plaintiff.  This does not mean, however, that the law recognizes only one proximate cause of an injury or damages.  On the contrary, many factors or things, or the conduct of more than one person may operate at the same time, either independently or together, to cause injury or damage.  In such a case, each may be a proximate cause.

**Authority:**

> This is essentially the same instruction given by the Hon. William I. Garfinkel, Magistrate Judge, in <u>Schapperoew v. Consiglio</u>, Civil Action No. 3:98cv678 (WIG).

3.      The plaintiff claims that he was unlawfully arrested on March 8, 2003, without probable cause to believe he committed an offense or crime.  The Fourth Amendment to the United States Constitution provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The Fourth Amendment thus prohibits the police from carrying out unreasonable seizures.  An arrest is considered a "seizure" within the meaning of the Fourth Amendment.  Under the Fourth Amendment an arrest may be made only when a police officer has probable cause to believe that the person arrested has engaged in criminal conduct.  An arrest without probable cause is an unreasonable seizure.

The critical question for you to decide is whether the plaintiff's arrest for interfering with a police officer in violation of C.G.S. §53a-167a and for destruction of evidence in violation of C.G.S. §54-33e on March 8, 2003, was lawful.  Whether the "arrest" was lawful depends upon whether there was probable cause to believe that the plaintiff was violating the above named offenses.

In this case, the arresting police officer did not have an arrest warrant.  An arrest without an arrest warrant is presumptively unlawful.   Whether the arrest without an arrest warrant was lawful depends upon whether the arresting officer had "probable cause" to believe that the plaintiff was committing or had committed an offense or a crime.

What does the law mean by probable cause?  Probable cause is not proof beyond a reasonable doubt or proof sufficient to convict.  Neither, however, is it mere speculation or surmise.   Probable cause exists when the facts and circumstances within the knowledge of the police officer at the time the arrest was made were sufficient to warrant a police officer of reasonable prudence to believe that an offense or a crime was being committed by the person arrested in the presence of the arresting officer.   This determination is made on the basis of the totality of the circumstances viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest.

Plaintiff has the burden of establishing by a preponderance of the evidence that he was arrested without probable cause.  If probable cause existed for the arrest, then the plaintiff was not subjected to an unreasonable seizure.

In order for you to determine whether the arresting police officer had probable cause to arrest the plaintiff for any of the charges made against him, I shall instruct you as to the elements of the offenses that the plaintiff was initially charged with committing when he was arrested.

Connecticut General Statutes §53a-167a provides in pertinent part:  "A person is guilty of interfering with an officer when such person obstructs, resists, hinders or

endangers any peace officer or firefighter in the performance of such peace officer's or firefighter's duties.

Connecticut General Statutes §54-33e provides in pertinent part:

> Any person who, before, during or after seizure of any property by any police officer authorized to make searches and seizures, in order to prevent the seizure or securing of any property named in the warrant by such police officer, breaks, destroys or removes or causes the breaking, destruction or removal of the same, shall be fined not more than one thousand dollars or imprisoned not more than one year or both.

I instruct you that if there was probable cause to arrest the plaintiff and of the charges, namely, interfering with a police officer and destruction of evidence, then the plaintiff was not unlawfully arrested, and your verdict must be in favor of the defendant on his Section 1983 claim for false arrest.

In this case the charges against the plaintiff were "nolled" in court. This phrase is a shortened version of the Latin term "nolle prosequi," which means that the state decided not to prosecute. This is a matter solely within the discretion of the prosecutor and he or she may choose to nolle a case for any reason, or even without a stated reason. This decision by the state prosecutor does not necessarily establish the lack of probable cause for the plaintiff's arrest. You must determine whether there was probable cause based upon the facts and circumstances known to the police officers at the time of

the arrest, not what happened afterwards.  In this context you must remember that there is no constitutional guarantee that only the guilty will be arrested.  Thus, there is no constitutional violation of an arrest is based on probable cause, regardless of the outcome of the criminal prosecution.

Accordingly, on the issue of the alleged constitutional violations of making a false arrest for interfering with a police officer and for destruction of evidence, if you determine that the plaintiff established, by a preponderance of the evidence, that there was no probable cause to arrest him on any of these charges, your verdict must be in favor of the plaintiff and against a defendant.

However, if you determine that there was probable cause to arrest him for either any of these charges, then the arrest would be lawful and your verdict must be in favor of the defendant.  If probable cause existed for the arrest on any of these charges, then there was no unreasonable seizure, and the plaintiff has no claim for false arrest against the defendant.

**Authority**:

> Section 1983 Litigation:  Jury Instructions, Vol. 4, Instruction 8.01.1, pp. 8-5, 8-6, and 8-7, Instruction 8.01.3, pp. 8-12 and 8-13; Schwartz and Pratt.
>
> Baker v. McCollan, 443 U.S. 137, 145 (1979).
> Smith v.Gonzalez, 670 F. 2d 522 (5th Cir.), cert denied, 459 U.S. 1005 (1982).

4.    Additionally, in order for the plaintiff to establish a claim of false arrest, both under Connecticut law and under 42 U.S.C. §1983, he must show that the prosecution of the underlying criminal charges terminated in his favor.   A plaintiff may satisfy this element by proof that he "was discharged without a trial under circumstances amounting to an abandonment of the prosecution without request from him or by arrangement with him."   If you find that the "nolle" that the plaintiff received on the underlying criminal charges came about as a result of his request or by an arrangement, then he has failed to establish the necessary element that the prosecution of the underlying criminal charges terminated in his favor.

**Authority:**

Roesch v. Otorola, 980 F. 2d 850, 853 (2d Cir. 1992).

Sec v. Gosselin, 133 Conn. 158, 159-60 (1946).

Frisbie v. Morris, 75 Conn. 637, 639 (1903).

Brown v. Randall, 36 Conn. 56, 62 (1869).

5.    The plaintiff in this action is seeking to recover damages for his having been prosecuted for the offenses of interfering with a police officer [C.G.S. §53a-167a] and destruction of evidence [C.G.S. §54-33e], that is, the plaintiff is asserting a cause of action which in law is known as a malicious prosecution.  I shall first state broadly the

elements of the cause of action which the plaintiff must prove in order to recover and later discuss them in some detail:  In substance, he must prove that the defendant officers, or one of them, instigated the criminal proceedings, that it was done without probable cause and that it was done malice.  Additionally, where a plaintiff has brought a claim pursuant to Section 1983, as was done here, he must prove that he suffered a significant deprivation of liberty.

With respect to the first element that the plaintiff must prove, whether the plaintiff was arrested by the defendant is in dispute.  There is no dispute that the plaintiff was issued a misdemeanor summons for interfering with a police officer and destruction of evidence by the defendants.  However, whether this constitutes an action sufficient to satisfy the first element is for you, the jury, to decide.

The second element of the case which the plaintiff must prove is that he was arrested without probable cause.  When we speak of probable cause in this connection we mean that the defendant had knowledge of facts which would be sufficient to justify a reasonable man in believing that there were reasonable grounds for instituting the criminal proceeding.  You see it would not be enough if you should find that the defendant himself believed, no matter how sincerely, that they had such grounds.  The question is:  would a reasonable person, situated as was the defendant, under the

circumstances then existing, believe that there were reasonable grounds for the proceedings?  Certainly mere conjecture or suspicion would not satisfy the requirement of reasonable grounds.  In judging the defendant's conduct you are to consider only the facts and circumstances which existed at the very time the proceedings were instituted. Facts subsequently occurring or information subsequently acquired are to be disregarded by you.  The burden to prove that the defendant acted without probable cause rests on the plaintiff.  This may seem to you to cast upon him something in the nature of an obligation to prove a negative; but the law is so that he cannot recover unless, upon all the evidence, you find it proven that the defendant acted without probable cause.  In this context you must remember that the fact that the charges were ultimately nolled is not evidence that the defendant lacked probable cause when the prosecution was commenced.

With respect to the third element, to show malice, the plaintiff must show that the criminal prosecution was initiated for a purpose other than to secure a conviction of a guilty person, or that it was initiated out of ill will or reckless disregard for the rights of the accused.  A prosecution is initiated with reckless disregard for the rights of the accused when it is initiated without any reasonable belief that the accused has actually committed the offense for which he is charged.  If you find that the defendant did not have probable

cause to believe that the plaintiff committed the crime for which he was charged, you may, but are not required, to infer that the defendant acted maliciously.  Remember, however, that lack of probable cause does not establish malice, but if, in view of all the circumstances and in light of all the evidence, you conclude that it is reasonable to make that inference, it is your right to do so.  You cannot, however, bring in a verdict for the plaintiff unless you find  the defendant acted with malice from all the evidence in the case, including such reasonable inferences as you may draw from a conclusion, if you make such a conclusion, that the defendant acted without probable cause.

Lastly, the plaintiff has testified that he was not incarcerated at any time after his arrest and he was required to attend court to defend himself from the defendants' charges.  While you may consider the requirement to appear in court as being a restriction on liberty, it is still the plaintiff's burden to show that he suffered a significant deprivation of liberty.

You may return a verdict for the plaintiff only if you find that he has satisfied all four elements of his claim for relief.  If he has failed to satisfy any element of his claim then your verdict must be for the defendant.

### Authority:

Connecticut Jury Instructions (Civil),, Fourth Edition, Section 490, pp. 746-750; Wright and Ankerman.

Section 1983 Litigation:  Jury Instructions, Vol. 4, Instruction 8.03.1, pp. 8-97
and 8-98; Schwartz and Pratt.

Cosgrove Development co., Inc. v. Cafferty, 179 Conn. 670 (1980).

Thompson v. Beacon Valley Rubber Co., 56 Conn. 493, 498 (1888).

Zitkov v. Zaleski, 102 Conn. 439, 446 (1926).

See v. Gosselin, 133 Conn. 158, 160 (1946)

Murphy v. Lynn, 118 F. 3d 938 (2d Cir. 1997), cert denied, 118 S. Ct. 105 (1998).


6.    I have now completed my instructions to you on the elements of plaintiff's

Section 1983 claims.  If you find that the plaintiff has proved the elements of their Section

1983 claims against the defendants you must proceed to consider whether the

defendants are entitled to what the law calls "qualified immunity" for each claim that the

plaintiffs have proved.  The defendants have alleged such an affirmative defense to the

plaintiff's claims.   Under qualified immunity, the issue is not the correctness of the

defendants' conduct, but rather the objective reasonableness of their chosen course of

action given the circumstances confronting them at the scene.

The defendants have the burden of demonstrating that their conduct did not violate

clearly established federal law.  The fact that the defendants acted with subjective good

faith does not entitle the defendant to the protection of qualified immunity. The defendants are entitled is entitled to immunity only if a reasonable public official in defendants' position would not have been expected at the time to know that his/her conduct violated clearly established federal law.

In deciding what a reasonable public official should have known about the legality of his/her conduct, you may consider the nature of that defendant's official responsibilities, the information that was known to the defendants or not known to them at the time of the incident in question, and the events that confronted them.

Thus, you must ask yourself what a reasonable clerk in the particular situation of the defendants would have believed about the legality of their conduct. As I stated earlier, you should not, however, consider the defendants' subjective good faith or bad faith. If you find that a reasonable clerk in the defendants' situation would have believed that their conduct was lawful, then the defendants are protected from liability by qualified immunity.

To summarize, if the defendants convince you by a preponderance of the evidence that their conduct did not violate clearly established federal law on a particular claim, then you must return a verdict for the defendants on that claim. This is so even though you may have previously found that the defendants in fact violated a plaintiff's

federally protected right.  If you find that the defendants have not proved entitlement to qualified immunity on a particular claim, then you should proceed to consider the issue of damages on the federal law claim.

I again caution you that a constitutional violation such as that alleged by the plaintiff does not occur where the defendants' actions, even though in error, were due to negligence.

**Authority:**

> Section 1983 Litigation:  Jury Instructions, Vol. 4, Instruction 17.02.1, pp 17-5, 17-6 and 17-7; Schwartz and Pratt.

> Lennon v. Miller, 66 F. 3d 416, 421 (2d Cir. 1995).

> Harlow v. Fitzgerald, 457 U.S. 800 (1982).

7.    As to the plaintiff's state law claim, the defendants as employees of the City of New Haven at the time of plaintiff's injury, has qualified immunity with respect to the performance of a governmental duty, but he may be liable if they misperform a ministerial act, as opposed to a discretionary act, or acts in a willful or wanton manner.  A ministerial act refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion.  Governmental acts are performed wholly for the direct benefit

of the public and are supervisory or discretionary in nature. The hallmark of a discretionary act is that it requires the exercise of judgment.

If you find that the defendants negligently performed a ministerial act, or if their actions were willful or wanton, then governmental immunity with respect to plaintiff's state law claims would not be appropriate. On the other hand if you find that the acts or omissions which the plaintiff attributes to the defendants involved the use of discretion or judgment, then they would have state law qualified immunity, and you would have to return a verdict in their favor on plaintiff's state law claims.

**Authority:**

Evon v. Andrews, 211 Conn. 501, 505 (1989)

Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 167 (1988)

Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 628 (2000)

Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 167-68 (1988)

8.    If you find that the defendants are liable to the plaintiff based on the federal Section 1983 claims or on the state-law claim, then you shall consider the issue of damages. The fact that I give you instructions on damages should not be taken as an indication that I think damages should be, or should not be, awarded. This is a determination which is left entirely to you, the jury. I am instructing you on the principles

governing damage awards so that, in the event you should find the defendants liable, you will know on what basis to consider any award of damages.

You may only award damages as are justified by the pleadings and the proof. That is, the plaintiff must prove to you by a preponderance of the evidence the nature and extent of his damages.  And, you shall award damages only for those injuries which you find that the plaintiff has proven were the direct result of the defendants' conduct.

There are two kinds of damages that you may consider – compensatory and punitive damages.

A.    Compensatory Damages

Compensatory damages represent a sum of money that will fairly, adequately, and reasonably compensate a person for harm proximately caused by another's conduct. With respect to the plaintiffs, compensatory damages may be awarded for any physical injury and emotional harm that they suffered during and after the events at issue in this case, including:  money actually spent or debts incurred as a result of the injury; lost earnings; pain and suffering, emotional distress, humiliation, injury to one's reputation, embarrassment, fear, anxiety and/or anguish that you find the plaintiffs have suffered or that you find the plaintiffs will, with reasonably certainty, suffer in the future.

It is for you, in the exercise of your best judgment, to say what is fair and just compensation to the plaintiffs insofar as money will compensate them for the damages that they have sustained.  Determining damages in a case of this sort involves a certain degree of estimation.   Often, certain types of damages cannot be proven with mathematical certainty.  You have to apply sound judgment and common sense in reaching he proper amount of damages.  However, there must be evidence to establish damages with at least a reasonable degree of certainty.  You are not to guess or speculate what the damages were.  You must use you best judgment, remembering always that it is incumbent upon the plaintiff to prove, by a fair preponderance of the evidence, the amount of damages to which he is entitled.

B.     Avoiding Duplicative Damages

Because this case involves multiple claims under federal and state law, I would caution you that the plaintiff may be compensated only once for an injury.  You should not award compensatory damages more than once for the same injury, even though the injury may have been caused by a violation of different rights.   In other words, for example, if you find that the plaintiff's claims for a federal law violation and a state law violation both provide theories for compensating one distinct injury, that plaintiff is only entitled to recover once for that injury.  For example, if a plaintiff were to prevail on both

of his or her claims and establish that he or she suffered a $50 injury, you could not award him $50 in compensatory damages per claim – for a total of $100. Rather, you would only award him a $50 total. With respect to compensatory damages, the plaintiff is only entitled to be made whole again, not recover more than they have lost. Of course, if a plaintiff proves liability on more than one claim and different injuries are attributed to different claims, then you must compensate him or her fully for all of his or her injuries.

C.    Nominal Damages

If you find that the defendants violated the plaintiff's constitutional rights, but you do not find that he suffered actual injury or loss by virtue of their constitutional rights having been violated by the defendants, then the plaintiff is entitled to nominal damages for that loss. Nominal damages, however, are generally set in the amount of $1.00.

The mere fact that a constitutional deprivation has occurred is an injury even when no actual damages flow from that deprivation. Therefore, if you find that the plaintiff has suffered no damages as a result of the conduct of the defendants other than the fact of a constitutional deprivation, then you must award nominal damages of $1.00. I caution you, however, not to consider the award of $1.00 as trivial.

D.    Punitive Damages

I advised you earlier that there are two kinds of damages.  The second is known as punitive damages.  Punitive damages are available to the plaintiff for their federal claim.  If you find that the defendants are liable on the plaintiff's federal Section 1983 claim, you will be asked whether punitive damages are warranted.

[Punitive Damages – Federal Civil Rights Violations]

Before you can award punitive damages, you must first have decided to award the plaintiffs compensatory or nominal damages for the plaintiffs' federal civil rights claims. The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct as I will delineate in a moment, and to serve as an example or warning to others not to engage in wrongful conduct.  In deciding whether to award punitive damages, you should consider whether you find that the defendants engaged in any of the following conduct:

1.    Willful or malicious violation of the plaintiff's constitutional rights;

2.    An intentional act by the defendants in gross disregard of the plaintiff's rights; or

3.    Reckless disregard by the defendants of whether they were violating the plaintiff's rights.

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury.  However, you must bear in mind that punitive damages are only allowed if you have first found that the plaintiff is entitled to compensatory or nominal damages on the federal civil rights action. You must also bear in mind that the law requires that punitive damages, if awarded, must be awarded with calm discretion and sound reason.  They must never be awarded because of bias, sympathy, or prejudice with respect to any party to the case.

If you decide that the plaintiff is entitled to punitive damages on their state-law claim, the court will determine the amount of damages in a separate proceeding.  So, on the verdict sheet that you will be given, you will only be asked whether or not to award punitive damages on these claims.

**Authority:**

This is essentially the same instruction given by the Hon. William K. Garfinkel, Magistrate Judge, in Schapperoew v. Consiglio, Civil Action No. 3:98cv678 (WIG).

THE DEFENDANTS


BY:_____
Jonathan H. Beamon
Assistant Corporation Counsel
Federal Bar No. ct22937
City of New Haven
165 Church Street, 4th Floor
New Haven, CT 06510
(203) 946-7958
E-mail: jbeamon@newhavenct.net


## **C E R T I F I C A T I O N**

     I hereby certify that a copy of the foregoing was mailed on August _____, 2004 to the following counsel of record, to wit:

Dawne Westbrook, Esq.
P.O. Box 2502
Middletown, CT  06457

                          _____
                          Jonathan H. Beamon